UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

Spanski Enterprises, INC.,                                    :

                               Plaintiff,      :

              -against-                              :

                                          :

Telewizja Polska, S.A.,                                       :

                          Defendant.      :

---------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-25-13

12 Civ. 2897 (ALC)(GWG)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

## I.    Introduction

      Plaintiff Spanski Enterprises, Inc. ("SEI") filed the instant action for declaratory relief against Defendant Telewizja Polska, S.A. ("TVP") on April 12, 2012.  Plaintiff seeks a judgment declaring Defendant is contractually prohibited from distributing or transmitting the Polish television channel *TVP Info* in North and South America.  The contracts governing the relationship between the parties include a licensing and distribution agreement executed in 1994, two subsequent addenda, and a settlement agreement, which was consummated to end prior litigation between Plaintiff and Defendant.  Defendant moved for summary judgment on November 9, 2012, and Plaintiff submitted a cross motion for summary judgment on November 30, 2012.  The motions were fully-briefed as of December 20, 2012.

## II.    Background

      Plaintiff SEI is a corporation with its principle place of business in Mississauga, Ontario, Canada. (Pl.'s Rule 56.1 Stat. ¶ 1.)  SEI, together with its subsidiaries and affiliated companies, distributes Polish-language television and radio content in North and South America via satellite,

cable television, and the Internet. (Pl.'s Rule 56.1 Stat. ¶ 2.)  Defendant TVP is a corporation organized under the laws of Poland and wholly-owned by the Polish government. (Pl.'s Rule 56.1 Stat. ¶ 3.)  TVP owns and operates Polish-language television channels, such as *TVP Polonia* and *TVP Info*, formerly known as *TVP 3 Regionalna*. (Pl.'s Rule 56.1 Stat. ¶ 4.)

The parties entered into a contract dated December 14, 1994 ("1994 Contract"), whereby TVP granted SEI the exclusive right to broadcast the television channel *TVP Polonia* in North and South America for an initial period of 25 years, though the exact scope of those rights is disputed. (Def.'s Rule 56.1 Counter Stat. ¶ 5.)  In exchange for distribution rights, SEI agreed to pay TVP royalties at a rate of eight percent. (Pl.'s Rule 56.1 Stat. ¶ 6.)  Five years later, the First Addendum was executed, granting SEI the exclusive right to distribute *TVP Polonia* content over the Internet in North and South America. (Pl.'s Rule 56.1 Stat. ¶ 8.)  In 2002, when the Second Addendum was executed, TVP granted SEI exclusive distribution rights to a second channel, *TVP Info*, for a period of ten years; the exact scope of these rights is also disputed. (Def.'s Rule 56.1 Counter Stat. ¶ 9.)  The parties agree, however, SEI's distribution rights to *TVP Info* expired on April 29, 2012 and were not renewed. (Pl.'s Rule 56.1 Stat. ¶ 10.)  The Second Addendum also specified the 1994 Contract as amended would be governed by New York law, and New York was the forum selected by the parties to litigate all disputes. (Pl.'s Rule 56.1 Stat. ¶ 11.)

SEI filed a lawsuit in this District on February 8, 2007 ("Prior Action") seeking to enjoin TVP from proceeding with an arbitration it commenced against SEI in Poland. (Pl.'s Rule 56.1 Stat. ¶ 16.)  Supplementary claims made by SEI in the Prior Action included a request for declaratory judgment regarding SEI's rights under the 1994 Contract, copyright infringement, breach of contract, and breach of the covenant of good faith and fair dealing. Spanski Enters., Inc. v. Telewizja Polska S.A., et al., No. 07 Civ. 0930 (S.D.N.Y. Feb. 8, 2007) (Lynch, J.).  The

Prior Action was largely resolved through a Settlement Agreement dated August 11, 2009 ("Settlement Agreement"). (Pl.'s Rule 56.1 Stat. ¶ 19.)

With respect to SEI's exclusive rights to TVP programming and channels, the Settlement Agreement states, in pertinent part:

II.   Amendment to the 1994 Agreement Clarifying the Parties' Rights and Obligations

    A.    SEI is and shall remain the exclusive distributor of *TV Polonia* and *TVP Info* programming content in the territory of North and South America by any and all means of distribution, with the sole exception of distribution in the movie theaters and movie festivals as well as by DVD or other similar physical distribution of the programming on discs or tapes direct to the consumer as per the Agreement with its two Addendums and this settlement; and, while no one else shall have internet rights for *TVP Info* in North and South America, SEI shall not distribute *TVP Info* on the internet in such territory without TVP's prior permission in writing;

    B.    SEI shall remain the exclusive distributor of *TV Polonia* programming content via the Internet . . . in the territory of North and South America . . .;

    . . .

    D.    SEI and its licensee and/or assignees has been granted the exclusive rights during the term of the Agreement to re-broadcast *TV Polonia* and *TVP Info* in their entirety (including repeat programming and/or re-runs) . . .;

    E.    TVP shall not distribute or offer to distribute, or permit the distribution of any other channels in North and South America that contain any of the same programming that is contained, has been contained, or will be contained in either *TV Polonia* or *TVP Info*;

    . . .

(Wenger Decl., Ex. 5, Dkt. No. 13-5.)  The Settlement Agreement was negotiated by Boguslaw Spanski on behalf of Plaintiff and Piotr Lenarczyk, Defendant's Director of the Programming Acquisitions, Sales and International Affairs Department in 2009. (Pl.'s Rule 56.1 Stat. ¶ 30.)

## III.   Discussion

Both parties assert the Settlement Agreement is clear and unambiguous on its face and seek judgment as a matter of law.  Yet, they differ in their interpretations of Plaintiff's rights. SEI argues the Settlement Agreement prohibits TVP from distributing or transmitting *TVP Info* in North and South America until 2019.  To support this claim, Plaintiff contends it has the exclusive right to distribute *TVP Polonia* programming content.  Since *TVP Info* currently contains *TVP Polonia* content, Defendant is precluded from distributing *TVP Info* in SEI's specified territory.  Additionally, SEI claims its exclusivity to *TVP Info* surpasses the expiration of its distribution rights because the Settlement Agreement refers back to the term provided in the 1994 Contract, not the Second Addendum.

To the contrary, Defendant argues the Settlement Agreement unequivocally restricts TVP from distributing "other channels" – not inclusive of *TVP Info* and *TVP Polonia* – now that SEI's distribution rights have expired.  Defendant asserts extrinsic evidence supports this claim, such as testimony from Mr. Spanski and testimony regarding the lack of overlapping programming content and the lack of competition for subscribers between *TVP Polonia* and *TVP Info*.  Plaintiff and Defendant moved the Court for summary judgment to adopt their respective interpretations of the Settlement Agreement based on the evidence in the record.

### A. *Standard of Review*

Declaratory relief may be ordered pursuant to the Declaratory Judgment Act "[i]n a case of actual controversy[.]" 28 U.S.C. § 2201 (2010); see also Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 35 (2d Cir. 1992) ("Like any other action brought in federal court, a declaratory judgment is available to resolve a 'real question of conflicting legal interests.'  That

the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, courts should focus on 'the practical likelihood that the contingencies will occur. . . .'") (citations omitted); <u>Cont'l Cas. Co. v. Coastal Sav. Bank</u>, 977 F.2d 734, 737 (2d Cir. 1992) ("[A] court must entertain a declaratory judgment action: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."). In the instant case, the parties acknowledge a substantial and actual controversy exists, and a declaratory judgment would be useful in clarifying the parties' rights and obligations under the Settlement Agreement. (Pl.'s Rule 56.1 Stat. ¶ 36.) The Court agrees it has proper jurisdiction to issue a declaratory judgment here.

Summary judgment shall be granted if the movant shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Kaytor v. Electric Boat Corp.</u>, 609 F.3d 537, 545 (2d Cir. 2010). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Adickes v. S.H. Kress and Co.</u>, 398 U.S. 144, 157 (1970). In testing whether the movant has met this burden, the Court must resolve all ambiguities against the movant. <u>Lopez v. S.B. Thomas, Inc.</u>, 831 F.2d 1184, 1187 (2d Cir. 1987) (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962)). The movant may discharge this burden by demonstrating to the Court there is an absence of evidence to support the non-moving party's case on which that party would have the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

The non-moving party then has the burden of coming forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Speculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact. To avoid summary judgment, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986) (interpreting the "genuineness" requirement).

**B. *SEI's Exclusivity Rights***

The Settlement Agreement constitutes a binding contract between the parties and is analyzed in accordance with New York's principles of contractual interpretation. See Bank of N.Y. v. Amoco Oil Co., 35 F.3d 643, 661 (2d Cir. 1994) ("Under the law of New York, a settlement agreement in writing between parties represented by counsel is binding and, essentially, a contract.").  "To determine the terms of a contract a court must ascertain the parties' intent based on the language they used." Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568, 573 (2d Cir. 1993) (citing Slatt v. Slatt, 64 N.Y.2d 966, 967 (1985)).  "When the question is a contract's proper construction, summary judgment may be granted when its words convey a definite and precise meaning absent any ambiguity." Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992).  "However, '[w]here contractual language is susceptible of at least two fairly reasonable interpretations, this presents a triable issue of fact, and summary judgment [is] improper.'" Rothenberg v. Lincoln Farm Camp, Inc., 755 F.2d 1017, 1019 (2d Cir. 1985) (citation omitted).

Where, as here, the parties disagree about the meaning of certain provisions, the Court must first determine whether the contract is clear and unambiguous. Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan, 7 F.3d 1091, 1095 (2d Cir. 1993) (concluding where

the parties dispute the meaning of a provision, the task of the court "is to determine whether such clauses are ambiguous when 'read in the context of the entire agreement'" (quoting W.W.W. Assocs., Inc. v. Giancontieri, 77 N.Y.2d 157, 162 (1990))); see also Seiden Assocs., 959 F.2d at 428 ("The language of a contract is not made ambiguous simply because the parties urge different interpretations."). If a contract is clear and unambiguous, the parties are bound by the language contained in the document, and the Court need not turn to extrinsic evidence. Bailey v. Fish & Neave, 8 N.Y.3d 523, 528 (2007) ("Where the language is clear, unequivocal and unambiguous, the contract is to be interpreted by its own language."); Am. Home Prod. Corp. v. Liberty Mut. Ins. Co., 748 F.2d 760, 765 (2d Cir. 1984) (stating if the contract's language is unambiguous and has only one reasonable interpretation, the Court does not need to consider extrinsic evidence of the parties' intent).

The Court finds the Settlement Agreement is, in fact, clear and unambiguous on its face, because its terms are capable of definite and precise meaning, not subject to reasonably differing opinions. See Seiden Assocs., 959 F.2d at 428 ("[W]e have defined ambiguous language as that which is 'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement . . . .' Conversely, language is not ambiguous when it has 'a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference in opinion.'") (citations omitted). Section II.A plainly provides, "SEI is and shall remain the exclusive distributor of *TV Polonia* and *TVP Info* programming content in the territory of North and South America . . . ." (Wenger Decl., Ex. 5, Dkt. No. 13-5.) The main dispute surrounding this clause is not the clarity with which it states SEI is the exclusive distributor of *TVP Polonia* and *TVP Info*, but rather, the term for which those exclusivity rights are in effect. Both parties

7

concur the Settlement Agreement is silent on this point. SEI claims the Settlement Agreement incorporates the term set forth in the 1994 Contract. TVP argues the exclusivity referred to in Section II.A concluded when SEI's distribution rights ceased in accordance with the 2002 Addendum.

SEI's interpretation of Section II.A stretches beyond any reasonable construction of the text as written. Plaintiff is correct in stating, "[T]here is no provision of the Settlement Agreement that ties [SEI's right to exclusivity, which precludes TVP from distributing *TVP Info* in the territory,] to the term of SEI's affirmative right to license and distribute *TVP Info*[.]" (Pl.'s Opp. 20.) But then SEI claims the Settlement Agreement refers back to the 1994 Contract term, which would result in extending SEI's exclusivity to *TVP Info* until 2019. SEI points to the fact that *TVP Polonia* and *TVP Info* are grouped together in Section II.A, which shows the same duration was meant to apply to both channels. Moreover, Plaintiff urges its interpretation of the Settlement Agreement is what the parties intended as proven by extrinsic evidence, such as sworn testimony from Mr. Spanski and Mr. Lenarczyk and evidence about common practices in the entertainment industry.

Plaintiff's repeated assertions that the Settlement Agreement "refers back" to the term in the 1994 Contract are unconvincing. Presumably, Plaintiff is suggesting the parties' intent was to apply the term of the 1994 Contract to all provisions of the Settlement Agreement based on the reference to "the Agreement" in Section II and the language of Section II.N.[1] However, Plaintiff ignores the reality that any reference to the 1994 Contract in the 2009 Settlement Agreement inherently includes the contract *as modified by* the 1999 and 2002 Addenda. One

---

[1] The "Agreement" as the term is used in the 2009 Settlement Agreement refers to the 1994 Contract between the parties. (Wenger Decl., Ex. 5, Dkt. No. 13-5.) Section II.N of the Settlement Agreement reads, "All other terms of the Agreement of 1994, as subsequently amended, shall remain in full force and effect . . . ." (Id.)

need only look to the language of the Addenda to confirm they were intended to modify the 1994

Contract.  For example, the 2002 Addendum states,

> Due to the wish to develop mutual collaboration, and in particular the will to
> provide Poles residing in the Territory with access to television shows in the
> Polish language, the parties agree as follows:
> §1
> The following Amendments shall be made to the Agreement concluded between
> the Parties on 14 December 1994 and changed by the Amendment dated 4
> November 1999: . . .

(Wenger Decl., Ex. 4, Dkt. No. 13-4.)  Insofar as the Settlement Agreement "refers back" to the

1994 Contract, it also refers to the terms in the Addenda.  The plain language of the Settlement

Agreement confirms this by inserting "as amended" or "with its two Addendums [sic]" or "as

subsequently amended" after references to the "Agreement."  See Amoco Oil Co., 35 F.3d at 661

("Unambiguous words and phrases will be construed according to their plain meaning.").

The 1994 Contract, before it was amended, did not convey any rights to *TVP Info*.  It was

the 2002 Addendum that gave SEI exclusive distribution rights to *TVP Info* for a term of ten

years.  The only contractual language allegedly linking any rights to *TVP Info* with a term of

twenty-five years is the Settlement Agreement, according to Plaintiff.  Though, no language in

Section II.A or anywhere else in the Settlement Agreement leads to a reasonable inference that

the parties intended to change the term for which *TVP Info* rights would run.  At most, Section

II.A reiterates SEI's exclusivity rights "per the Agreement with its two Addendums[.]"  The

terms for exclusive distribution in the 1994 Contract, as modified, are clear: SEI's exclusivity

rights to *TVP Polonia* extend for twenty-five years and exclusivity rights to *TVP Info* extend for

ten years.  SEI's proposed interpretation of the Settlement Agreement must be rejected where it

fails to recognize the terms of the Addenda were incorporated into the entire agreement as embodied in the modified 1994 Contract.

SEI offers extrinsic evidence as support for its interpretation, which it claims confirms the parties' intent to extend SEI's exclusivity rights to *TVP Info* until 2019. It would be improper to rely on extrinsic evidence urging alteration of provisions that have been clearly and unambiguously expressed in the document itself. See Metro. Life Ins. Co. v. RJR Nabisco, Inc., 906 F.2d 884, 889 (2d Cir. 1990) ("The parties' rights under an unambiguous contract should be fathomed from the terms expressed in the instrument itself rather than from extrinsic evidence as to terms that were not expressed[.]"). Simply put, if these sophisticated parties, represented by competent counsel, intended to enhance the term of SEI's exclusivity rights to *TVP Info*, they could have clearly incorporated this change into the Settlement Agreement, without resorting to SEI's strained interpretation of Section II.A to do so.

Plaintiff's alternative argument for declaratory relief contends Section II.E of the Settlement Agreement specifically and clearly prohibits TVP from distributing other channels in SEI's territory containing any of the same programming content as *TVP Polonia*. Since *TVP Polonia* and *TVP Info* have overlapping content, Defendant is proscribed from distributing *TVP Info*. TVP claims the use of the words "other channels" suggests the restriction in Section II.E is applicable to TVP's distribution of channels containing the same programming as *TVP Polonia* or *TVP Info* but does not apply to *TVP Info* itself. In other words, Section II.E "does not place any restriction on TVP's distribution of the TVP Info channel itself now that SEI's rights to distribute the TVP Info channel have expired." (Def.'s Reply 2.) Section II.E states, "TVP shall not distribute or offer to distribute, or permit the distribution of any other channels in North and

South America that contain any of the same programming that is contained, has been contained, or will be contained in either *TVP Polonia* or *TVP Info*[.]"(Wenger Decl., Ex. 5, Dkt. No. 13-5.)

When read in the context of the entire Settlement Agreement and specifically in conjunction with Section II.A, it is apparent Section II.E protects SEI's exclusivity rights to programming content on *TVP Polonia* and *TVP Info* during the respective terms for each channel. See Adams v. Suozzi, 433 F.3d 220, 228 (2d Cir. 2005) ("'A written contract will be read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose.'" (quoting Westmoreland Coal Co. v. Entech, Inc., 100 N.Y.2d 352, 358 (2003))); Barrow v. Lawrence United Corp., 146 A.D.2d 15, 18 (3d Dep't 1989) ("[S]pecific clauses of a contract are to be read consistently with the overall manifest purpose of the parties' agreement[.]").  Further, Section II.E uses the same encompassing language as Section II.A – Section II.A affirmatively states SEI's exclusive distribution rights with few limitations, and Section II.E states the restrictions on TVP necessary to enforce SEI's exclusive distribution rights without exception.

TVP's emphasis on "other channels" to assert *TVP Info* is somehow exempt from the exclusivity rights declared in Section II.A and reinforced in Section II.E is unavailing.  By virtue of its earlier argument, Defendant must have contemplated a scenario where the rights to *TVP Polonia* are on-going after the rights to *TVP Info* have ended.  Under that scenario, nothing in the Settlement Agreement excludes *TVP Info* from the restriction on distributing channels that contain the same content as *TVP Polonia*.  Indeed, Section II.E unequivocally restricts TVP's distribution of "any other channels" containing "any of the same programming" as "either *TVP Polonia* or *TVP Info*[.]"  To single out the word "other" as exempting programming on *TVP Info* when SEI no longer has exclusive rights to that channel would discount the transparent intention

11

to protect SEI's exclusivity.  Placing excessive emphasis on particular words as Defendant

suggests is discouraged by New York law. See Postlewaite v. McGraw-Hill, Inc., 411 F.3d 63,

67 (2d Cir. 2005) ("'It is also important to read the document as a whole to ensure that excessive

emphasis is not placed upon particular words or phrases.'" (quoting S. Road Assocs., LLC v.

Int'l Bus. Machs. Corp., 4 N.Y.3d 272, 277 (2005))).

    In light of the foregoing, the Court finds the clear and unambiguous language of Section

II.E, when considered in the context of the entire document, restricts TVP from distributing any

channel in the relevant territory that contains any of the same programming as *TVP Polonia* for

as long as SEI's exclusivity rights are in effect.  Because the Settlement Agreement is definite

and precise as to this right, the Court need not consider TVP's extrinsic evidence, which

allegedly supports Defendant's interpretation of Section II.E.  Moreover, there is clear evidence

in the record, and it is not disputed by Defendant, that *TVP Info* contains at least some of the

same programming as *TVP Polonia*. (Def.'s Rule 56.1 Stat. ¶¶ 11-12; Celinska-Bejgier Decl. ¶¶

11-12, 19, Dkt. No. 14.)  Accordingly, TVP's distribution or transmission of *TVP Info* in North

and South America would violate SEI's exclusive rights to distribute all programming content

contained within the *TVP Polonia* channel as set forth in the 2009 Settlement Agreement, so long

as *TVP Info* contains any of the same programming content as *TVP Polonia* for the duration of

SEI's exclusivity rights to *TVP Polonia*.

## IV.    Conclusion

    For the reasons set forth above, Plaintiff's motion for summary judgment is GRANTED,

and Defendant's motion for summary judgment is DENIED.  The Clerk of Court is respectfully

directed to close this case and to enter judgment consistent with this Order.

**SO ORDERED.**

Dated:      New York, New York
              September 25, 2013

                                     **ANDREW L. CARTER, JR.**
                                     **United States District Judge**